WILLIAM RUNGE et al., Copartners Doing Business under the Name of ASSOCIATED ENGINEERING Co., Plaintiffs, *v.* MAX SPITZER, Doing Business under the Name of ELECTROCHEMICAL CONSTRUCTION COMPANY, Defendant.

City Court of the City of New York, Trial Term, New York County, April 19, 1948.

*George C. Koch* for plaintiffs.

*Harry Torczyner* for defendant.

COLEMAN, J. This is a suit by plaintiff seller to recover the balance said to be due for machinery which it had sold the defendant. The plaintiff is met with the defense that the amount which was paid was the full amount due and the question is whether the agreed purchase price was to include the cost of packing and crating for export. If the plaintiff was to assume this cost, no balance is due. The negotiations were by letter and only three letters need be considered. In the first of these, June 29, 1946, the defendant inquiring as to the availability of certain machinery asked that prices be quoted to it and added " All the prices have to be established for material boxed for export or crated for export and either at your place or — better — at our agents place: Bridge Street, New York 4." The plaintiff acknowledged the receipt of this letter and offered the machinery at fixed prices, and terms " F.O.B. Ridgefield, N. J." In response to this, the defendant, on August 17th, sent its order for the machinery in question, adding as a postscript " Shipping instructions will be given after inspection of the equipment. Please find out in the meantime where the material could be packed for export." Undoubtedly, there were oral negotiations but no testimony was offered as to these and both sides agreed that the case must be decided on the basis of the letters.

The plaintiff takes the position that the first letter was an invitation to submit an offer and is not an offer itself, and that its contents are to be ignored in determining whether the fixed price required the seller to crate for export; that its letter in reply is the first to be considered and that the price quoted in that letter said nothing about crating. The plaintiff undoubtedly is correct in saying that the first communication was not an

offer and that only the two later ones established the contract, but it is not correct when it says that the first letter cannot be noticed. If the negotiations between plaintiff and defendant had been carried on by word of mouth there would be no doubt that the price would include packing for export and that the seller would have to assume that charge; the offer made would be referable to the question asked as to price packed for export. I see no reason for any different result when the transaction is by correspondence. The first letter of the defendant was a statement of the terms upon which it was prepared to enter into negotiations, and when the plaintiff with these terms before it offered machinery at a certain price, it must be held to have made its offer with reference to those terms.

The request in the defendant's letter of August 17th to the plaintiff to find out where the material could be packed for export does not affect the situation for if it is proper to consider the letter of June 29th as the basis for negotiations, then it will be noted that the machinery was to be inspected before acceptance, and that it was not necessarily to be packed for export at the plaintiffs' place of business. It could be packed elsewhere but at the plaintiffs' expense.

The complaint is dismissed.